[Civ. No. 1998.    Third Appellate District.—July 11, 1919.]

JACOBSON REIMERS COMPANY (a Corporation), Respondent, v. TOZAI COMPANY (a Copartnership), et al., Appellants.

[1] CONTRACTS — ALTERNATIVE OBLIGATIONS — RIGHT OF SELECTION — BREACH.—Where a contract for the sale and purchase of turkeys calls for from two hundred to twelve hundred head to be delivered between two given dates, but the seller neither offers to, nor delivers, any number of turkeys between those dates, or at all, the buyer has the right, under section 1449 of the Civil Code, to demand delivery of the maximum number, and upon the failure of the seller to comply therewith, may maintain an action for damages for breach of contract for the sale thereof.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Brown & Albery for Appellants.

E. H. Wakeman for Respondent.

CHIPMAN, P. J.—The action is to recover judgment for damages alleged to have been the result of defendants' failure to perform their covenants under a contract for the sale of turkeys, reading as follows:

"Colusa, Cal., Nov. 5, 1917.

"We agree to sell Jacobson Reimers Co. of S. F. at twenty-seven and half cents per pound for choice dressed turkeys f. o. b. station numbering from Two hundred head up to Twelve hundred between now and Thanksgiving. Hens to weigh seven pounds and over and gobblers twelve pounds and over per piece.

"TOZAI CO.
"By K. HAYASHI."

It is alleged in the complaint that demand was made by plaintiff of defendants, within the period mentioned in said contract, that defendants comply therewith by delivering

twelve hundred turkeys, but defendants refused to do so or to deliver any turkeys whatsoever; that the market price of turkeys had advanced at that time to forty-two cents per pound, and that by reason of defendants' failure to deliver said turkeys plaintiff was damaged in the sum of $1,653. The complaint is verified. Defendants filed a general and a special demurrer, which being overruled, they answered. The answer is a specific denial of the averments of the complaint, except that they do not deny that demand was made upon defendants to comply with the terms of the said contract and their refusal to do so; alleged as further answer that defendants delivered to plaintiff "the written offer set forth in plaintiff's complaint," but alleged that plaintiff at no time "accepted said offer in accordance with the terms thereof." The cause was tried by the court without a jury.

The court found that defendants executed and delivered to plaintiff the written agreement set forth in the complaint by virtue of which "the defendants agreed to sell and deliver to the plaintiff f. o. b., meaning free on board cars at Colusa Station, California, twelve hundred choice dressed turkeys of the kind and weight in said agreement specified, that is to say, not less than six hundred choice dressed hen turkeys weighing not less than seven pounds a piece and six hundred choice dressed gobblers weighing not less than ten pounds a piece, in all weighing eleven thousand four hundred pounds at least, at the price of twenty-seven and one-half cents per pound to be delivered as aforesaid between the said fifth day of November, 1917, and Thanksgiving Day, to wit, the twenty-ninth day of November, 1917, executed and delivered to said defendants a written acceptance of said offer of sale and delivery"; that in accordance with said offer of sale and acceptance thereof "the plaintiff, at the city of Colusa, California, demanded of the said defendants the delivery of said twelve hundred turkeys of the kind and weight and at the price specified in said written offer of sale, and in accordance with the terms thereof and plaintiff's written acceptance thereof, but that the defendants then and there refused, and ever since have refused, to deliver the said twelve hundred turkeys or any number thereof, or any at all, as provided in said written agreement; that on the said twenty-eighth day of

November, 1917, the value of the aforesaid eleven thousand four hundred pounds of turkeys, of the kind and weight specified in said written agreement of sale, to the plaintiff herein was the sum of five and four-tenths of a cent per pound on said eleven thousand four hundred pounds of turkeys in excess of the price of twenty-seven and one-half cents per pound, the price at which said defendants so offered to sell and deliver the same to plaintiff as aforesaid''; that by reason of the foregoing facts plaintiff has suffered damages in the sum of $615.60. It was further found that plaintiff, on said twenty-eighth day of November, 1917, was ready, able, and willing to accept and receive and pay for said turkeys specified in the said agreement, and on that day demanded the delivery of said turkeys from defendants and offered to comply with all the terms of said agreement and plaintiff's acceptance thereof. The conclusion of law as found was that plaintiff is entitled to recover from defendants the sum of $615.60, with costs of the action, and judgment was entered accordingly. Defendants appeal from this judgment.

Some question is raised as to the sufficiency of the evidence to support the finding that plaintiff made demand for the delivery of the turkeys, and while the evidence is not very clear on that point, the answer failed to deny demand as alleged in the complaint, and thus not only excused plaintiff from making this fact clear, but it justified the court in making the finding, the fact being that what occurred took place on the 28th of November instead of on Thanksgiving Day, which was the 29th. It sufficiently appeared that defendants did not offer to furnish two hundred or any number of turkeys, but, in effect, repudiated their contract entirely, thus excusing plaintiff from making further demand.

We do not find it necessary to set forth the testimony given in support of the findings. Appellants state as follows in their opening brief: "There is virtually but one question in this case: That is, whether or not the findings and judgment of the trial court can be sustained in awarding damages based upon the maximum amount in said offer of sale and acceptance thereof. . . . Defendants did not deliver any turkeys to plaintiff and the contention of re-

spondent and the judgment of the trial court is, that the damage suffered by plaintiff by reason of such failure thereof is to be based upon the maximum amount specified in said offer of sale. Our contention in this matter is that any damage that may have occurred can only be based upon the minimum amount as specified therein." Resulting from appellants' view of the case, their claim is "that the judgment in this case should be modified and reduced from the sum of $615.60 to the sum of 77.60."

What, then, is the rule governing alternative obligations? Counsel seem to have explored the cases and the text-books with diligence for light, and the written opinion of the learned trial judge shows that he examined with much care the authorities upon the question. The provisions of our Civil Code seem to have been overlooked, although they apparently state the rule applicable to the present case:

"If an obligation requires the performance of one of two acts, in the alternative, the party required to perform has the right of selection, unless it is otherwise provided by the terms of the obligation." (Civ. Code, sec. 1448.)

"If the party having the right of selection between alternative acts does not give notice of his selection to the other party within the time, if any, fixed by the obligation for that purpose, or, if none is so fixed, before the time at which the obligation ought to be performed, the right of selection passes to the other party." (Id., sec. 1449.)

"The party having the right of selection between alternative acts must select one of them in its entirety, and cannot select part of one and part of another without the consent of the other party." (Id., sec. 1450.)

[1] Referring to the number of turkeys to be delivered, the language of the obligation is, "numbering from two hundred head up to twelve hundred," and as to the time of delivery the obligation is, "between now [its date] and Thanksgiving" (November 29th). Plainly, the statute gave defendants the right to deliver any number of turkeys from two hundred to twelve hundred "between" the date of the obligation and November 29th. Defendants, admittedly, neither offered to nor did deliver any number of turkeys "between now and Thanksgiving," or at all, but, as the

court found, refused to deliver any. In such case, by the terms of the statute, "the right of selection passes to the other party." It is not necessary to resort to text-books or to the decisions of the courts. Sufficient to say, however, that our code states the rule accepted generally by writers upon the law of contracts and by the courts. We agree with the statement made by the learned trial court in the concluding paragraph of his written opinion:

"In this case there being no pretention that performance was even as much as attempted, it seems that under well-recognized principles of equity the defendant should not be permitted to limit his liability to the minimum delivery required by this agreement. To do so would allow the most flagrant abuse of such an agreement."

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.